# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO LOPEZ,<br>CDCR #V-49533,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>C. COOK, Medical Appeals Analyst;<br>R.H. MEISEL, Clinical Optometrist;<br>N. BARRERAS, Chief Medical Officer;<br>MAJID MANI, Ophthalmologist,<br><br>　　　　　　　　　　　Defendants. | Civil No.   08-0438 H (LSP)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $.58 INITIAL PARTIAL FILING FEE AND GARNISHING $349.42 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

　　　　Ricardo Lopez ("Plaintiff"), a state prisoner currently incarcerated at California Men's Colony in San Luis Obispo, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that several medical officials and a medical appeals analyst at Centinela State Prison ("CEN") provided him with inadequate medical attention while he was incarcerated there in January 2005. (*See* Compl. at 1-4.) Plaintiff seeks $150,000 in damages from each Defendant and requests injunctive relief in the form of court-ordered surgery by an

1  "independent ophthalmologist." (*Id.* at 8.) Plaintiff has not prepaid the $350 filing fee mandated
2  by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP")
3  pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's trust account statement shows an average monthly balance of $1.24, average monthly deposits of $2.94 and a current available balance of $4.13. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $.58 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

///

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

**A.     Standard of Review**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon

///

1  which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at
2  1126-27; *Resnick*, 213 F.3d at 446, n.1.

### B.  Plaintiff's Claims

In his Complaint, Plaintiff alleges to have suffered from "severe headaches" and complained of lost vision in his left eye beginning in January 2005. (Compl. at 3.) After some delay, he submitted a CDC Form 602 inmate appeal, which resulted in an optometric consultation with Defendant Meisel on July 12, 2005. (*Id.*) Plaintiff claims Dr. Meisel issued a "chrono" permitting Plaintiff's use of prescription eyeglasses and prohibiting his work assignment to any hazardous jobs due to his compromised vision. (*Id.*) When Plaintiff's left eye condition continued to worsen to the point he "could no longer see out of it," Plaintiff alleges to have submitted several CDC Form 602's "with no response." (*Id.*) Plaintiff claims Defendant Cook, the Medical Appeals Analyst, eventually responded, but nevertheless denied his appeal because an October 24, 2006 examination by an "outside" optometrist revealed Plaintiff had a detached retina and scarring for which "there was no procedure available to correct." (*Id.* at 3-4.) Dissatisfied, Plaintiff complained to Chief Medical Officer Barreras, who referred Plaintiff to Dr. Mani of California Retina Associates. (*Id.* at 4.)

On March 16, 2007, Plaintiff alleges Dr. Mani found that "as a result of the chronicity of the detachment," and "a macular hole in the left eye," Plaintiff required surgery to prevent his left eye from shrinking and total eye loss. (*Id.*) After receiving institutional approval, Dr. Mani performed the surgery on Plaintiff at Alvarado Medical Hospital. (*Id.*) However, Plaintiff claims that Dr. Mani's procedure was "inept" because the "vision in [his] left eye is still non-existent." (*Id.*)

### C.  Eighth Amendment Inadequate Medical Care

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on*

*other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, the Court finds that Plaintiff's allegations regarding a detached retina and macular degeneration resulting in lost vision in his left eye are sufficient to show that his medical needs were serious enough to satisfy the objective component of an Eighth Amendment violation. *See McGuckin*, 974 F.3d at 1059-60; *Farmer*, 511 U.S. at 834.

However, while Plaintiff has alleged facts sufficient to establish the existence of a serious medical need, he must also allege that each Defendant's response to his need was deliberately indifferent. *Farmer*, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, Plaintiff specifically claims only that each Defendant was negligent in providing his medical care. (*See* Compl. at 4.) Plaintiff attributes the delay in providing surgery to Defendant Cook's "negligent" acts as "cost-saver" instead of as a "medical professional." (*Id.*) Plaintiff further claims Dr. Meisel "was negligent because throughout his consultation and examination he failed to discover the macular hole that was in [his] left eye," Dr. Barreras "was

negligent" in delaying "approval for [his] surgery," and Dr. Mani "was negligent because the surgery he performed did not remedy the problem." (*Id.*)

However, even if all these Defendants committed medical malpractice or were grossly negligent in treating Plaintiff's eye condition, this does not rise to the level of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner). Instead, Plaintiff must allege that each Defendant knew of his serious need, yet acted with deliberate indifference to it. *Toguchi*, 391 F.3d at 1060 ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002)). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319).

Thus, because Plaintiff specifically premises liability on the part of Defendants Cook, Meisel, Barrerras and Mani only a theory of negligence, he has failed to state an Eighth Amendment claim upon which relief can be granted, and his Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because Plaintiff could possibly cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is GRANTED.

2. The Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, is ordered to collect the $.58 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, if those funds are available at the time this Order is executed. THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY

IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the $349.42 balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, Plaintiff is hereby cautioned that if he elects not to amend, or if his Amended Complaint still fails to state a claim upon which relief may be granted, the dismissal of this action may be counted as a "strike" against him in the future pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: May 8, 2008

_____
HON. MARILYN L. HUFF
United States District Judge