RICARDO LOPEZ
(Name)
California Men's Colony East (Cell 6279)
Post Office Box 8101
(Address)
San Luis Obispo, CA. 93409-8101
(City, State, Zip)
V-49533
(CDC Inmate No.)



# United States District Court
## Southern District of California

(Enter full name of plaintiff in this action.)
RICARDO LOPEZ
                    Plaintiff,

v.

C. COOK, Medical Appeals Analyst
R.H. MEISEL, Clinical Optometrist
N. BARRERAS, Chief Medical Officer
MAJID MANI, Ophthalmologist
(Enter full name of each defendant in this action.)
                    Defendant(s).

08CV0438 H (LSP)
Civil Case No. _____
(To be supplied by Court Clerk)

FIRST AMENDED
Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

## B. Parties

1. **Plaintiff:** This complaint alleges that the civil rights of Plaintiff, Ricardo Lopez
(print Plaintiff's name)
, who presently resides at California Men's Colony
(mailing address or place of confinement)
P.O. Box 8101, San Luis Obispo, CA. 93409-8101  , were violated by the actions of the below named individuals. The actions were directed against Plaintiff at Centinela State Prison, Imperial, CA.         on (dates) Jan-05   ,           , and
(institution/place where violation occurred)             (Count 1)    (Count 2)    (Count 3)

2. **Defendants:** (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form
(Rev. 5/98)
::ODMA\PCDOCS\WORDPERFECT\22834\1



Defendant C. COOK resides in Imperial,
(name) (County of residence)
and is employed as a Medical Appeals Analyst. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant was acting under the authority of the State of California, Department of Corrections.

Defendant R.H. MEISEL resides in Imperial,
(name) (County of residence)
and is employed as a Clinic Optometrist. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant was acting under the authority of the State of California, Department of Corrections.

Defendant N. BARRERAS resides in Imperial,
(name) (County of residence)
and is employed as a Chief Medical Officer. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant was acting under the authority of the State of California, Department of Corrections.

Defendant MAJID MANI resides in Imperial/San Diego,
(name) (County of residence)
and is employed as a Opthalmologist. This defendant is sued in
(defendant's position/title (if any))
his/her ☒ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: Defendant was under contract to the State of California, Department of Corrections performing surgeries.

**Plaintiff's Allegation that each Defendant's Response to His Need was Deliberately Indifferent.**

Pursuant to this Honorable Court's May 08, 2008, order, plaintiff Ricardo Lopez respectfully files this First Amended Complaint Under the Civil Rights Act U.S.C. Section 1983 alleging that each defendant was deliberate indifferent in the treatment of the plaintiff..

As this honorable Court cited in its Order (Page 5, paragraph 2) "In general, deliberate indifference may be shown when prison officials deny, **delay**, or intentionally interfere with a prescribed course of medical treatment, **or it may be shown by the way in which prison medical officials provide necessary care**. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988)

In this matter the plaintiff has established that the medical care rendered by the prison officials was delayed to apoint to which the damage to the plaintiff's worsened severely. The plaintiff initially complained about his headaches and eye problem in January 2005. After the plaintiff submitted numerous 602 complaints, it was on July 12, 2005 (7 months after the initial complaint) that the plaintiff was seen by Dr. Meisel. A 7 month delay clearly establishes a deliberate indifference in the treatment provided by the prison especially based on the fact that the plaintiff, on numerous occasions informed the prison of his medical condition, via several 602 complaints.

On July 12, 2005, Dr. Meisel, after a medical examination of the plaintiff issued the plaintiff a "chrono" permitting plaintiff's use of prescription eyeglasses and prohibiting his work assignment to any hazardous jobs due to his compromised vision. It is clear from this fact that Dr. Meisel's medical analysis did not address the plaintiff's severe medical condition. The actions rendered by Dr. Meisel is clearly contrary to that of any other reasonable medical physician

2(a)

Clinical Optometrist in the field. Dr. Meisel's actions goes beyond that of malpractice or negligence. The deliberate indifference is established on the basis that Dr. Meisel prescribed the plaintiff the use of prescription eyeglasses which did not address the serious need of the plaintiff's condition.

Defendant Cook was deliberately indifferent by denying and delaying the plaintiff medical condition for 7 months prior to plaintiff seeing Dr. Meisel, and afterward Defendant C. Cook denied the plaintiff's grievance approximately <u>one year</u> after his initial filing.

On October 24, 2006, approximately twenty-one (21) months after the initial complaint was rendered by the plaintiff, he was seen by an outside optometrist. His observation was "Plaintiff had a detached retina and scarring for which "there was no procedure available to correct.". Because the pain was becoming worse and the plaintiff's vision was deteriorating rapidly, he submitted another 602 grievance to the Chief Medical Officer. It was then that the plaintiff was referred to Dr. Mani for surgery which to this date did not help the plaintiff's eyesight.

Grossly incompetent or inadequate care by prison personnel can constitute deliberate indifference to inmate's serious medical needs in violation of inmate's Eighth Amendment right to be free from cruel and unusual punishment, as can doctor's decision to take easier and less efficaious course of treatment. <u>Wood v. Housewright</u> 900 F.2d 1332 (9th Cir.1990). Because the actions of the defendants amounts to deliberate indifference based not only on their unjustifiable delay in treating the plaintiff, but also on the fact that the prison provided the plaintiff with a "we-don't-care" response to his condition. It was only after the prison received a memo from Dr. Mani, more than two (2) years after the initial complaint, stating that if the plaintiff did not receive the surgery immediately he would completely loose his vision in his eye, did the prison permit the surgery

to happen. The plaintiff was forced to live in pain and vision shortage for over two years based solely on the prison's delay, which constitutes not only cruel and unusual punishment, but deliberate indifference as well.

The unnecessary and wanton infliction of pain "upon incarcerated individuals under color of law constitutes a violation of the Eighth amendment and is actionable under 42 U.S.C. Section 1983. Such indifference may be manifested in two ways. It may appear when prison officials deny, delay, or intentionally interfere with medical treatment (Which in this matter the petition received the surgery more than 2 years after he initially complained about the problem) or it may be shown by the way in which prison physicians provide medical care. McGuckin v. Smith 974 F.2d 1050 (9th Cir.1992); Hutchison v. United States 838 F.2d 390. In this matter, Dr. Meisel only recommended that the plaintiff be permitted to wear prescription eyeglasses. He failed to provide the plaintiff, who was indigent, with any glasses, and misdiagnosed the plaintiff's condition altogether.

In California, medical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances. Landeros v. Flood 17 Cal.3d 399, 131 Cal. Rptr. 69, 551 P.2d 389 (1976)

To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was "medically unacceptable under the circumstances.", and was chosen "in conscious disregard of an excessive risk to the prisoner's health. Jackson v. McIntosh 90 F.3d 330 (9th Cir.1996) The plaintiff has established that the course rendered by Dr. Meise was medically unacceptable. He only recommended that the plaintiff wear prescription eyeglasses. It is apparent that a more serious risk to the plaintiff's condition

2(c)

was at jeopardy based on Dr. Mani's conclusion. The plaintiff has demonstrated a deliberate indifference on the part(s) of the defendants named within the suit and based on such, respectfully prays to this Honorable Court to grant complaint therein.

//
//
//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

Plaintiff, RICARDO LOPEZ respectfully prays to this Honorable Court for relief by granting the First Amended Complaint based on the fact that he has demonstrated the deliberate indifference criteria as recommended by this court in its Order.

Dated: June 04, 2008

*Ricardo López*
Plaintiff

2(d)

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: Right to Adequate Medical Care & Medical Negligence under the Eighth Amendment. (E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

In January of 2005, plaintiff submitted a medical request form regarding problems with his left eye as well as severe headaches. Because of an extraordinary delay in receiving medical attention, plaintiff submitted a CDC 602 Inmate grievance form complaining about the lack of medical attention that he was receiving. Plaintiff was subsequently seen by R.H.Meisel, Optometrist, who on July 12,2005, issued the plaintiff a CDC Chrono permitting him to receive prescription glasses and plastic frames from outside to be sent by his family. Dr. Meisel also issued a chrono establishing the fact that the plaintiff should not be assigned to any eye hazardous jobs due to loss of vision in left eye. The plaintiff's left eye condition continued to worsen. His vision in his left eye deteriorated to a point in which he could no longer see out of it. Plaintiff continued to make numerous requests for additional medical attention for his left eye with no response. Plaintiff submitted several CDC 602's complaining about his left eye vision. C.Cook,Medical Appeals Analyst responded to the plaintiff's 602. On November 14, 2006, plaintiff submitted a CDC 602 requesting to be seen by an eye specialist because his vision was basically gone in his left eye. C.Cook denied the 602 based on the fact that the plaintiff had already been seen by an outside optometrist on 10-24-06. C.Cook stated that my health record had been reviewed and it was discovered that plaintiff had a detached retina of the left eye with scaring. C Cook further stated that there is currently

<u>See Attached page(s) for continuation</u>

§ 1983 SD Form (Rev. 5/98)                    3                    ::ODMA\PCDOCS\WORDPERFECT\22834\1

no procedure available to correct this problem and that i need to concentrate on protecting my good right eye. Unfortunately, I was not satisfied with Cook's conclusion.

After verbally and documentarily complaining about the lack of medical attention,, through the approval of Chief Medical Officer N. Barreras, I was referred to Dr. Majid Mani, of the California Retina Associates. In a memorandum dated March 16, 2007, Dr. Mani informed the institution that as a result of the chronicity of the detachment, the plaintiff also has macular hole in the left eye as well. If we do not do the surgery, the left eye will shrink and will undergo phthisis bulbi and the plaintiff will lose the eye totally. The memorandum was addressed to Dr. Meisel.

The institution finally approved for the surgery to happen. Dr. Mani performed the surgery at Alvarado Medical Hospital. Unfortunately, even after the surgery, my vision in my left eye is still non existent. I cannot see out of my left eye. I have consistently filed documentation after the surgery in regards to the inept procedure that Dr. Mani performed. C. Cook is negligent because of the two year delay that it took for me to finally receive the medical attention, e.g., the surgery. Cook's actions was that of a departmental cost-saver instead of a medical professional. Dr. Meisel was negligent because throughout his consultation and examination he failed to discover the macular hole that was in my left eye. Had Dr. Meisel performed the appropriate procedure, the hole in my eye would have been discovered and the operation would/could have been conducted in a more ample time.

N. Barreras was negligent because as the Chief Medical Officer the approval for the surgery, and the delay of the surgery was contributed to the office of the Chief Medical Officer.

Majid Mani was negligent because the surgery that he performed did not remedy the problem. I still cannot see out of my left eye. As Dr. Mani stated in his memorandum to Dr. Meisel, if we do not do the surgery, the left eye will shrink and will undergo phthisis bulbi and he will lose the eye totally. Based on this conclusion, I did have the surgery and still lost the vision in my left eye totally. One must conclude that based on the memorandum, the surgery would prevent me from losing my vision totally, but instead, the surgery was medically insufficient.

//
//

Count 2: The following civil right has been violated: _____N/A_____
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Count 3: The following civil right has been violated: N/A
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

**Supporting Facts:**   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

### D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _____

Defendants: _____

(b) Name of the court and docket number: _____
_____

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____
_____

(d) Issues raised:
_____
_____
_____
_____

(e) Approximate date case was filed: _____.
(f) Approximate date of disposition: _____.

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☐ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

I have filed numerous CDC 602's regarding this matter. In the initial grievance, I was eventually seen by Dr. Meisel, but after that consultation, my vision decreased and I subsequently submitted numerous other grievances with little or no actual results. All of the CDC 602's were copied and I have the copies in my possession.

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s):

2. Damages in the sum of $ 150,000 per defendant for a total of $600,000.
3. Punitive damages in the sum of $
4. Other: That another surgery be performed on plaintiff's left eye so that his vision may be restored. Plaintiff request that independent Ophthalmologist do surgery.

### F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

06-04-08
Date

Ricardo Lopez
Signature of Plaintiff

§ 1983 SD Form
(Rev. 5/98)

7

::ODMA\PCDOCS\WORDPERFECT\22834\1