1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| RICARDO LOPEZ,<br>CDCR #V-49533,<br><br>                                    Plaintiff,<br><br>               vs.<br><br>C. COOK, Medical Appeals Analyst;<br>R.H. MEISEL, Clinical Optometrist;<br>N. BARRERAS, Chief Medical Officer;<br>MAJID MANI, Ophthalmologist,<br><br>                                    Defendants. | Civil         08-0438 H (LSP)<br>No.<br><br>**ORDER DIRECTING U.S.<br>MARSHAL TO EFFECT SERVICE<br>OF FIRST AMENDED COMPLAINT<br>PURSUANT TO FED. R. CIV. P.<br>4(c)(2) AND 28 U.S.C. § 1915(d)** |

12
13
14
15
16
17
18
19

## I.    Procedural History

20          Plaintiff, an inmate currently incarcerated at the California Men's Colony, located in San

21  Luis Obispo, California and proceeding pro se, filed a civil rights Complaint pursuant to 42

22  U.S.C. § 1983 on March 7, 2008.  In Plaintiff's original Complaint, he alleged that several

23  medical officials and a medical appeals analyst at Centinela State Prison provided him with

24  inadequate medical attention while  he was incarcerated there in January 2005.  (*See* Orig.

25  Compl. at 1-4.)  Plaintiff sought $150,00 in damages from each Defendants, as well as relief in

26  the form of court-ordered surgery by an "independent opthamologist." (*Id.* at 8.)  In addition,

27  Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

28

1  On May 8, 2008, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously

2  dismissed his Complaint for failing to state a claim upon which relief could be granted.  (*See*

3  May 8, 2008 Order at 6-7.)  Nonetheless, the Court granted Plaintiff forty five days to submit

4  a First Amended Complaint correcting the deficiencies of pleading noted in the Court's Order.

5  (*Id*. at 7.)  On June 13, 2008, Plaintiff filed his First Amended Complaint ("FAC").

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

7  As the Court stated in its previous Order, the Prison Litigation Reform Act obligates the

8  Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are

9  "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated

10  delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial

11  release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C.

12  §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss

13  prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious,

14  fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C.

15  §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

16  (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

17  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

18  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28

19  U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit

20  make and rule on its own motion to dismiss before directing that the Complaint be served by the

21  U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits,

22  but requires a district court to dismiss an in forma pauperis complaint that fails to state a

23  claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

24  § 1915A).

25  "[W]hen determining whether a complaint states a claim, a court must accept as true all

26  allegations of material fact and must construe those facts in the light most favorable to the

27  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

28  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

1    Here, the Court finds that Plaintiff's Eighth Amendment claims in his First Amended

2   Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b),

3   and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf.  *See*

4   *Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and

5   serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that

6   "service be effected by a United States marshal, deputy Untied States marshal, or other officer

7   specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis*

8   pursuant to 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening

9   and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6)

10  motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119

11  (S.D. Cal. 2007).

12  **III.   Conclusion and Order**

13     Good cause appearing, **IT IS HEREBY ORDERED** that:

14     1.    The United States Marshal shall serve a copy of the First Amended Complaint and

15  summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285.  All costs of

16  service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

17     2.    Defendants are thereafter **ORDERED** to reply to the First Amended Complaint

18  within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

19  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the

20  right to reply to any action brought by a prisoner confined in any jail, prison, or other

21  correctional facility under section 1983," once the Court has conducted its sua sponte screening

22  pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

23  determination based on the face on the pleading alone that Plaintiff has a "reasonable

24  opportunity to prevail on the merits," Defendants are required to respond).

25     3.    Plaintiff shall serve upon Defendants or, if appearance has been entered by

26  counsel, upon Defendants' counsel, a copy of every further pleading or other document

27  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

28  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

1    of any document was served on Defendants, or counsel for Defendants, and the date of service.

2    Any paper received by the Court which has not been filed with the Clerk or which fails to

3    include a Certificate of Service will be disregarded.

4        **IT IS SO ORDERED.**

5    DATED:   July 7, 2008                    _____

6                                            HON. MARILYN L. HUFF
                                             United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28