1  Michael I. Neil, SBN 40057
Stephen T. Sigler, SBN 183860
2  N. Nedim Halicioglu, SBN 245115
NEIL, DYMOTT, FRANK,
3      MCFALL & TREXLER
A Professional Law Corporation
4  1010 Second Avenue, Suite 2500
San Diego, CA 92101-4959
5  P 619.238.1712
F 619.238.1562
6
Attorneys for Defendant
7  MAJID MANI, M.D.

FILED

2008 AUG 26 PM 4: 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ KM/A _____DEPUTY

8

9                UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11  RICARDO LOPEZ,                        )   Civil No. 08-0438 H (LSP)
    CDCR #V-49533,                        )
12                                        )   DEFENDANT MAJID MANI, M.D.'S
            Plaintiff,                    )   MEMORANDUM OF POINTS AND
13                                        )   AUTHORITIES IN SUPPORT OF
    vs.                                   )   MOTION TO DISMISS [FRCP 12(b)(6)]
14                                        )
    C. COOK, Medical Appeals Analyst;     )
15  R.H. MEISEL, Clinical Optometrist;    )   DATE:        October 3, 2008
    N. BARRERAS, Chief Medical Officer;   )   TIME:        8:30 a.m.
16  MAJID MANI, Ophthalmologist,          )   COURTOOM: G
                                          )   HON. LEO S. PAPPAS
17          Defendants.                   )

18

19
            Defendant, MAJID MANI, M.D., (hereinafter "DR. MANI") moves to dismiss Plaintiff's
20
    Civil Right's claim in the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules
21
    of Civil Procedure on the grounds that Plaintiff's First Amended Complaint has failed to state facts
22
    sufficient to establish a valid claim under 42 U.S.C. section 1983.
23
                                         **I.**
24
                               **INTRODUCTION**
25
            Plaintiff, a state inmate in *propria persona*, has brought a First Amended Complaint ("FAC")
26
    alleged violations of his civil rights under 42 U.S.C. section 1983 and is seeking damages.
27
    Defendant DR. MANI is one of four named defendants being sued. DR. MANI is being sued in his
28
    individual capacity only.

                                          1

1   Plaintiff filed his original Complaint on March 7, 2008.  Pursuant to 28 U.S.C.

2   §§1915(e)(2)(B) and 1915A(b) the Court reviewed the Complaint and dismissed it for failure to state

3   a claim.  The Court specifically ruled that because "Plaintiff specifically premises liability on the

4   part of [Defendant] . . . Mani, only [upon] a theory of negligence, he has failed to state an Eight

5   Amendment claim upon which relief can be granted, and his Complaint must be dismissed."

6   (Court's Order from May, 8, 2008; page 6, lines 12-14).

7   The allegations in the Complaint and the FAC relate to Plaintiff's care and treatment during

8   his incarceration .  The only changes in the FAC from the original complaint are four pages of

9   additional allegations, none of which remedy the insufficiencies of the Complaint with respect to

10   DR. MANI.

## II.

### STANDARDS FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

13   Dismissal for failure to state a claim upon which relief can be granted is warranted where it

14   appears the plaintiff can prove no set of facts which would entitle him to relief.  Neitzke v. Williams,

15   490 U.S. 319, 326. 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Buckley v. County of Los Angeles,

16   968 F.2d 791, 794 (9th Cir. 1992).  In making such a determination, the Court must accept the

17   allegations of the complaint as true and construe the facts pled in the light most favorable to the

18   plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989); Tanner v. Heise, 879 F.2d 572,

19   576 (9th Cir. 1989).  However, legal conclusions are not assumed to be true merely because they are

20   alleged.  Western Mining Counsel v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

## III.

### PLAINTIFF'S FAC FAILS TO STATE FACTS SUFFICIENT TO ESTABLISH A
### VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHTS BY DR. MANI

24   In order to sustain a claim for an Eighth Amendment violation related to medical care, a

25   Plaintiff must allege that there was a deliberate indifference to a serious medical need.  Estelle v.

26   Gamble, 429 U.S. 97, 106 (1976).  A showing of a deliberately indifferent state of mind is required

27   as opposed to mere negligence or malpractice.  Id.

28

1    As established by the Court in its May 8, 2008 ruling, the allegations regarding DR. MANI in

2    the original complaint are insufficient to sustain a cause of action under 42 U.S.C. § 1983. "Prison

3    officials and medical officers have wide discretion in treating prisoners, and a simple claim of

4    malpractice does not give rise to a claim under [42 U.S.C. 1983]." Tolbert v. Eyman, 434 F.2d 625,

5    626 (9th Cir. 1970).

6    Plaintiff was granted an opportunity to amend his complaint to remedy this insufficiency,

7    however he did not do so with respect to his allegations against DR. MANI. In his FAC, Plaintiff

8    makes a number of broad assertions that all defendants were "deliberately indifferent," however, he

9    makes no specific claims of deliberate indifference regarding DR. MANI. These allegations of the

10    general deliberate indifference of all defendants are merely legal conclusions and thus should not be

11    assumed to be true by the Court. Western Mining Counsel v. Watt, 643 F.2d 618, 624 (9th Cir.

12    1981). Accordingly, Plaintiff has not presented any allegations regarding how DR. MANI was

13    deliberately indifferent toward his alleged condition.

14    In fact, DR. MANI is only mentioned three times in the additional pleadings of the FAC.

15    The first mention of DR. MANI is an allegation that Plaintiff was referred to him for surgery. [FAC,

16    page 2(b), ¶3 (Third Full Paragraph - Plaintiff's FAC does not have line numbers)] The second

17    mention of DR. MANI alleges that it was only after DR. MANI's memorandum that Plaintiff had the

18    surgery on his eye. [FAC, page 2(b), ¶4 (Fourth Full Paragraph)]. The final mention of DR. MANI

19    relates to DR. MANI's conclusions as to the possible loss of the eye. [FAC, page 2(c), ¶1 (First

20    Partial Paragraph].

21    Neither of these references makes any mention of DR. MANI acting with deliberate

22    indifference for Plaintiff's condition. In fact, if anything, these references establish that DR. MANI

23    *carefully considered* Plaintiff's condition and recommended a procedure to prevent Plaintiff's eye

24    from being lost to phthisis bulbi (atrophy and shrinkage of the eye eventually requiring removal).

25    [Complaint ¶¶2, 5]. This clearly establishes that from the body of Plaintiff's own Complaint that the

26    actions of DR. MANI were not deliberately indifferent.

27    Plaintiff has now had two bites at the apple regarding providing a clear claim for a civil

28    rights violation, but has failed to provide allegations of such a violation regarding DR. MANI.

1  Plaintiff has already alleged that the procedure performed by DR. MANI was designed to prevent his

2  eye from atrophying and requiring removal.  There is no allegation that this has occurred.  Therefore,

3  Plaintiff's FAC should be dismissed as to DR. MANI with prejudice.

4                                        **III.**

5                                  **CONCLUSION**

6          For the foregoing reasons, DR. MANI respectfully requests that Plaintiff's FAC be dismissed

7  as to DR. MANI with prejudice.

8

9  Dated:      August 26, 2008                  NEIL, DYMOTT, FRANK,
                                                MCFALL & TREXLER
10                                              A Professional Law Corporation

11

12                                              By: _____
                                                    Michael I. Neil
13                                                  Stephen T. Sigler
                                                    N. Nedim Halicioglu
14                                                  Attorneys for Defendant
                                                    MAJID MANI, M.D.
15  Document13

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum In Support of Motion To Dismiss Pursuant to FRCP 12(b)(6)

1  UNITED STATES DISTRICT COURT, SOUTHERN CALIFORNIA DISTRICT
   Case Name: RICARDO LOPEZ vs. C. COOK, Medical Appeals Analyst; et al.
2  Case No: 08-0438 H (LSP)

FILED

2008 AUG 26 PM 4: 18

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

3
                             **PROOF OF SERVICE**
4                         [CCP 1013A (3) and 2015.5]

5          I, the undersigned, am employed in the county of San Diego, State of California.  I am over

6  the age of 18 and not a party to the within action; my business address is 1010 Second Avenue, Suite

7  2500, San Diego, California, 92101.

8          I caused to be served the following document(s) described as follows:  DEFENDANT,

9  MAJID MANI, M.D.'S NOTICE OF MOTION AND MOTION TO DISMISS and DEFENDANT

10 MAJID MANI, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

11 MOTION TO DISMISS [FRCP 12(b)(6)]on the parties in this action by placing a true copy in a

12 sealed envelope addressed as follows:

13                    **PLEASE SEE ATTACHED PROOF OF SERVICE**

14

15 ☐    **PERSONAL SERVICE THROUGH KNOX ATTORNEY SERVICE** - separate proof of

16       personal service will be filed.

17 ☒    **BY MAIL** - As follows:  I am "readily familiar" with the firm's practice of collection and

18       processing correspondence for mailing.  Under that practice it would be deposited with the

19       U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego,

20       California in the ordinary course of business.  The envelope was sealed and placed for

21       collection and mailing on this date following our ordinary practices.  I am aware that on

22       motion of the party served, service is presumed invalid if postal cancellation date or postage

23       meter date is more than one day after date of deposit for mailing in affidavit.

24 ☐    **BY CERTIFIED MAIL, Return Receipt Requested** - As follows:  I am "readily familiar"

25       with the firm's practice of collection and processing correspondence for mailing.  Under that

26       practice it would be deposited with the U.S. Postal Service on that same day with postage

27       thereon fully prepaid at San Diego, California in the ordinary course of business.  The

28       envelope was sealed and placed for collection and mailing on this date following our

                                          1
                                 PROOF OF SERVICE

1  invalid if postal cancellation date or postage meter date is more than one day after date of

2  deposit for mailing in affidavit.  The envelope was sent Certified, return receipt requested.

3  ☐  **BY FAX** - As follows:  I personally sent to the addressee's telecopier number a true copy of

4  the above-described documents.  Thereafter I sent a true copy in a sealed envelope addressed

5  and mailed as indicated above.

6  ☐  **OVERNIGHT VIA FEDERAL EXPRESS** - As follows:  I am "readily familiar" with the

7  firm's practice of processing correspondence for mailing overnight via Federal Express.

8  Under that practice it would be deposited in a Federal Express drop box, in a Federal Express

9  envelope indicating overnight delivery, with delivery fees provided for, on that same day, at

10  San Diego, California.

11  Executed on August 26, 2008, at San Diego, California.

12  I declare under penalty of perjury under the laws of the State of California, that the above is

13  true and correct.

14  _Sharla L. Moffett_
Sharla L. Moffett

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**Attorney in Pro Per**

Mr. Ricardo Lopez, V-49533
CALIFORNIA MEN'S COLONY EAST
(Cell 6279)
P.O. Box 8101
San Luis Obispo, CA  93409-8101

**Attorneys for R. H. Meisel**

EDMUND G. BROWN, JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
DOUGLAS E. BAXTER
Deputy Attorney General
110 West "A" Street, Suite 1100
San Diego, CA  92186
Phone:              (619) 645-2034
Fax:               (619) 645-2012

3

PROOF OF SERVICE