UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO LOPEZ,<br><br>          Plaintiff,<br>v.<br><br>C. COOK, R.H., MEISEL, N. BARRERAS, MAJID MANI,<br><br>          Defendants. | Civil No.08CV438-H(LSP)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** (Doc. 18) |

Plaintiff Ricardo Lopez requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

/ /

1

1  Here, it appears that plaintiff has a sufficient grasp of his case, the legal issues involved, and is
2  able to adequately articulate the basis of his complaint.  His pro se pleading survived the initial
3  screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A, he has effected service of his Amended
4  Complaint and Summons on all Defendants, and has filed an articulate opposition brief to a motion to
5  dismiss filed by Defendant Majid Mani.  Under these circumstances, the Court **DENIES** plaintiff's
6  request for appointment of counsel because it is not warranted by the interests of justice.  LaMere v.
7  Risley, 827 F.2d 622, 626 (9th Cir. 1987).

8  DATED:  December 5, 2008

_____
Hon. Leo S. Papas
U.S. Magistrate Judge